IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESQUIRE DEPOSITION SERVICES, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-206-JJF-LPS |
| BOARD ON CERTIFIED COURT REPORTERS, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

1.　On March 30, 2009, plaintiff Esquire Deposition Services, LLC ("Esquire") filed suit in federal court seeking a declaratory judgment that Administrative Directive 132 ("AD132") of defendant Delaware Supreme Court Board on Certified Court Reporters ("Board") is unconstitutional. (D.I. 1) Esquire contends, principally, that Section (J)(2) of AD132, addressing "Prohibited Contracts," violates the United States Constitution's Commerce, Due Process, and Contract Clauses, as well as Article IV, Section 13 of the Delaware Constitution (relating to the scope of authority of the Delaware Supreme Court to adopt rules for the administration of justice). See AD132(J)(2) ("Court reporters (or the firms for which they work) are prohibited from entering into contracts (whether written or oral) which cover multiple cases or administrative proceedings and/or which provide special financial terms or other services (including but not limited to expedited delivery of transcripts to the contracting party) that are not offered at the same time and on the same terms to all other parties in the litigation."). Esquire further contends that an ongoing Board proceeding against Esquire for alleged violations of AD132 is violating Esquire's due process rights.

2. On April 2, 2009, Esquire filed a Motion for Preliminary Injunction ("Motion"). (D.I. 6) At that point, a hearing on the Board's petition charging Esquire with violations of AD132 was scheduled for April 15 and 16, 2009 before a Review Board ("Review Board") of the Board. Following expedited briefing (D.I. 7, D.I. 14, D.I. 18), on April 8, 2009 Judge Farnan held a preliminary injunction hearing (D.I. 19). Judge Farnan reserved ruling on the Motion. While he suggested that the parties may wish to seek a continue of the Review Board hearing, he declined to stay the Review Board hearing.

3. On April 9, 2009, Judge Farnan referred this case to me to explore the possibility of alternative dispute resolution, to oversee discovery, and to make a report and recommendation as to the disposition of the Motion. (D.I. 26) The parties engaged in extensive, good faith settlement discussions with me on April 9. Because I felt progress had been made toward reaching an amicable resolution of the disputes between the parties, I scheduled a second mediation session for April 28. In order to facilitate the possibility of reaching a settlement, the parties agreed to: (a) contact the Review Board and jointly request that the Review Board proceeding be continued for at least 30 days; and (b) seek a stay of the federal lawsuit until seven days before the rescheduled Review Board proceeding. The intent was to create an opportunity for settlement discussions to continue while ensuring that, if such discussions did not produce a favorable result, the parties would be in essentially the same position in which they had found themselves prior to attempting alternative dispute resolution; i.e., the federal case would start up again seven days before the rescheduled Review Board proceeding.

4. The Review Board proceeding has been rescheduled for June 2 and 3, 2009.

5. On April 28, 2009, I worked again with the parties as they once more engaged in extensive, good faith efforts to resolve their disputes. Unfortunately, no resolution was found.

Once it was clear that an impasse had been reached, I held a hearing to learn the parties' positions as to how this case should proceed. Esquire requests that the Court permit immediate, expedited discovery, to be followed by supplemental briefing, and a further hearing to resolve the Motion prior to the June 2 Review Board proceeding. Among other things, Esquire seeks the opportunity to enjoin the Review Board proceeding. The Board, on the other hand, seeks to hold Esquire to its agreement that the federal case would be stayed until seven days before the rescheduled Review Board hearing. That is, the Board requests that the federal action be stayed until May 26.

6. I agree with the Board that Esquire did agree to stay the federal action until seven days before the rescheduled Review Board hearing, regardless of when that hearing would be. This agreement was reached during the April 9 mediation and is reflected in correspondence the parties jointly submitted to the Review Board. Notwithstanding this agreement, however, the parties did not ever move to stay the federal action and this action has never been formally stayed. More importantly, under the circumstances as they now exist, I do not see reason to freeze the federal action until May 26. Discovery, briefing, and a hearing will have to occur before I will be in a position to make a recommendation regarding disposition of the Motion. It will be helpful to the Court for this process to begin now rather than to wait for nearly an additional month before it begins. The parties' good faith efforts to resolve these matters through mediation have failed. The idea that the costs (in money and time) of undertaking discovery should be deferred in hopes that these costs could be avoided by settlement is now moot as those hopes have been extinguished.

Accordingly, IT IS HEREBY ORDERED THAT proceedings relating to the Motion will take place pursuant to the following terms and on the following schedule:

a.  Discovery. All parties may immediately begin serving discovery requests relating to the Motion. Each side is limited to a maximum of **5** requests for production of documents, **5** interrogatories, **5** requests for admission, and **3** depositions of no more than seven hours each. Discovery is permitted on the following topics: whether AD132 violates the U.S. Constitution's Commerce, Due Process, and/or Contract Clauses; irreparable harm to Esquire if the Motion is not granted; and the *Younger* abstention doctrine's "extraordinary circumstances" exception. **Discovery relating to the Motion is to be completed on or before May 22, 2009.**

b.  Discovery matters. Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

c.  Briefing. Supplemental briefing on the Motion will be provided as follows:

     (i) simultaneous opening briefs of a maximum of 25 pages **due on May 26, 2009**; and (ii) simultaneous answering briefs of a maximum of 15 pages **due on June 1, 2009**.

  d. Hearing. A hearing on the Motion will be held in Courtroom 6C on **June 5, 2009 at 10:00 a.m.**

IT IS HEREBY FURTHER ORDERED THAT Defendants' Motion for Leave to File their Opposition Brief Under Seal (D.I. 13) and Plaintiffs' Motion for Leave to File their Reply Brief Under Seal (D.I. 17) are GRANTED.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

April 29, 2009  
Wilmington, Delaware

               _____  
               UNITED STATES MAGISTRATE JUDGE